UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:19-cr-00215 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Doc. 59] |
| vs. | |
| ROBIN RUTLEDGE, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Robin Rutledge requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes.[2]

For the following reasons, the Court **GRANTS** Rutledge's motion for compassionate release.

I. Background

On June 26, 2019, Rutledge pleaded guilty to possession with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime.[3] On October 7, 2019, this Court sentenced Rutledge to 61 months imprisonment.[4] He is scheduled for release in August 2023.[5]

---

[1] Docs. 59, 65.
[2] Doc. 66.
[3] Docs. 23, Doc. 33.
[4] Doc. 33.
[5] Doc. 65 at 1.

Case No.
GWIN, J.

## II. Discussion

On September 10, 2020, Rutledge moved for compassionate release.[6] On November 17, 2020, Rutledge filed a supplemental motion.[7] Rutledge requests a sentence reduction due to medical conditions, such as obesity and mitral valve prolapse, that may increase his likelihood for severe illness if he were to contract COVID-19.[8] Rutledge argues that he has made rehabilitative efforts while incarcerated.[9] Moreover, Rutledge states he has a release plan, including a home with his fiancé, employment opportunities, and strong family support.[10]

The Government opposes.[11] While the Government acknowledges Rutledge's medical conditions, it contends Rutledge remains a danger to the community.[12]

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[13]

On May 18, 2020, Rutledge asked the FCI Morgantown warden for a sentence reduction.[14] Because Rutledge filed this motion more than thirty days after he sent his request to the warden, Rutledge meets the statutory exhaustion requirement.[15]

---

[6] Doc. 59.
[7] Doc. 65.
[8] *Id.* at 6–9.
[9] *Id.* at 4–5.
[10] *Id.* at 9–16.
[11] Doc. 66.
[12] *Id.* at 12.
[13] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[14] Doc. 59-3.
[15] *See also* Doc. 66 at 2 ("Rutledge appears to have exhausted his administrative remedies.").

Case No.
GWIN, J.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[16] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[17]

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) serious or terminal medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.[18]

Rutledge's medical conditions present "extraordinary and compelling" reasons warranting compassionate release.[19] Rutledge is obese and suffers from mitral valve prolapse, epilepsy, acid reflux, and elevated cholesterol.[20] In particular, Rutledge's obesity increase his risk of death or serious illness if he contracts COVID-19.[21] And the Bureau of

---

[16] 18 U.S.C. § 3582(c)(1)(A).
[17] *Id.*
[18] USSG § 1B1.13 cmt. n.1. The policy statement is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2020), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.4). Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases). *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).
[19] See also Doc. 66 at 7 ("The United States acknowledges that Rutledge's medical conditions can present an extraordinary and compelling reason to consider compassionate release in light of the COVID-19 pandemic.").
[20] Doc. 65 at 6–9.
[21] *Id.* at 7.

Case No.
GWIN, J.

Prisons reports that there are currently 121 confirmed COVID-19 cases among inmates at FCI Morgantown, where Rutledge is housed.[22]

Granting compassionate release also accords with the 18 U.S.C. § 3553 sentencing factors. Rutledge has a very limited criminal record, and has made rehabilitative efforts while incarcerated.[23] He has completed a drug education course, maintained a work assignment, and was enrolled in personal finance and small business management classes before the pandemic.[24] Further, Rutledge states that he can live with his fiancé and has secured employment.[25] Finally, Rutledge appears to have a strong family support system that is both willing and able to help Rutledge lead a law-abiding life after his prison term.[26]

### III. Conclusion

The Court **GRANTS** Rutledge's compassionate release motion and reduces Rutledge's sentence to time served. Rutledge's three-year supervised release remains in force, and he is otherwise subject to the terms of the Court's most recent judgment.[27]

The Court orders the Bureau of Prisons to take measures, including a 14-day pre-transfer quarantine, to ensure that Rutledge is COVID-19-free prior to his release.

IT IS SO ORDERED.

Dated: December 16, 2020       *s/     James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[22] Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Dec. 14, 2020).
[23] Doc. 65 at 10.
[24] *Id.* at 4–5.
[25] *Id.* at 9.
[26] *Id.* at 10–16.
[27] Doc. 33.

- 4 -